UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

------------------------------------------------------x
ANDREW SCHLESINGER,
an individual,

       Plaintiff,

vs.

FURNITURE MART - REAL ESTATE
HOLDINGS, LLC,
a limited liability company,

       Defendant.
------------------------------------------------------x

CASE NO.:

Judge:

Magistrate:

## COMPLAINT

Plaintiff, ANDREW SCHLESINGER, by and through his undersigned counsel, hereby files this Complaint and sues FURNITURE MART - REAL ESTATE HOLDINGS, LLC (hereinafter referred to as "DEFENDANT"), for declaratory and injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181 *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. § 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3. Plaintiff, ANDREW SCHLESINGER, (hereinafter referred to as "MR. SCHLESINGER"), is a resident of Lafourche Parish, Louisiana.

1

4. MR. SCHLESINGER is a qualified individual with a disability under the ADA. MR. SCHLESINGER is afflicted with spina bifida.

5. Due to his disability, MR. SCHLESINGER is substantially impaired in several major life activities and requires a wheelchair for mobility. Specifically, MR. SCHLESINGER is unable to walk, stand, or use his legs without assistance.

6. Upon information and belief, DEFENDANT is a limited liability company organized in the state of Louisiana and having the domicile of 2325 Belle Chasse Highway, Gretna, Louisiana.

7. Upon information and belief, DEFENDANT is the owner, lessor, lessee, and/or operator of the real properties and improvements which is the subject of this action, to wit: Southland Plaza which is generally located at 5801 West Park Avenue, Houma, Louisiana.

8. DEFENDANT is obligated to comply with the ADA.

9. All events giving rise to this lawsuit occurred in the Eastern District of Louisiana, Terrebonne Parish, Louisiana.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

10. MR. SCHLESINGER realleges and reavers Paragraphs 1 - 9 as if they were expressly restated herein.

11. The Property is a place of public accommodation, subject to the ADA, generally located

at 5801 West Park Avenue, Houma, Louisiana.

12. MR. SCHLESINGER has visited the Property numerous times and plans to visit the Property again in the near future.

13. MR. SCHLESINGER frequently travels to the Houma for shopping, dining, and sightseeing. MR. SCHLESINGER'S travels to Houma frequently take him near the Property.

14. During these visits, MR. SCHLESINGER experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers as discussed in paragraph 18 of this Complaint.

15. MR. SCHLESINGER continues to desire to visit the Property, but continues to experience serious difficulty due to the barriers discussed in Paragraph 18 which still exist.

16. MR. SCHLESINGER intends to and will visit the Property to utilize the goods and services in the future, but fears that he will encounter the same barriers to access which are the subjects of this action.

17. MR. SCHLESINGER is presently deterred from visiting the Property because of the architectural barriers described in Paragraph 18. MR. SCHLESINGER will continue to be deterred from visiting the Property until the architectural barriers are removed.

18. DEFENDANT is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and is discriminating against MR. SCHLESINGER due to, but not limited to the following violations which MR. SCHLESINER personally observed and/or encountered which hindered his access:

A. Various disabled parking spots at the Property are not level and have an impermissible slope and/or cross slope;

B. There are disabled parking spots at the Property that are not marked with vertical signage;

C. There are disabled parking spots without access aisles;

D. There are curb cuts that are built up and into the access aisles of the disabled parking spots at the Property;

E. There are curb cuts at the Property that are too steep;

F. There are disabled parking spots at the Property that do not lead to a curb cut;

G. There are curb cuts that have improper handrails and/or side flares;

H. There is no disabled signage on the bathroom door in the Family Dollar;

I. The door handles into the Family Dollar are not compliant;

J. There are exposed pipes under the sink at the Family Dollar;

K. There is an impermissible cross-slope in the bathroom at the Family Dollar;

L. There are non-compliant/insufficient grab bars in the bathroom at the Family Dollar;

M. The paper towels are located too high off the finished floor in the bathroom at the Family Dollar;

N. The mirror is located to high off the finished floor in the bathroom at the Family Dollar;

O.  The trash can in the bathroom at the Family Dollar is inaccessible;

P.  The aisles are too close together in the Family Dollar, making it difficult to maneuver through the store;

Q.  There are service and sales counters at the Property of an impermissible height;

R.  There is insufficient disabled seating at the Property;

S.  There are non compliant door handles;

T.  The bathrooms of the other tenants other than the Family Dollar are non compliant; and

U.  Not all public areas of the Property are connected via an accessible route.

19. DEFENDANT has a policy, procedure, and/or practice of allowing the aisles in the Family Dollar to be located too close together. This policy, procedure, and/or practice makes it difficult for persons with mobility related disabilities to navigate the facility.

20. To date, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

21. Removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANT.

22. Removal of the mobility-related barriers to access located on the Property would provide MR. SCHLESINGER an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which DEFENDANT offers to the general public.

23. Independent of his intent to return as a patron to the Property, MR. SCHLESINGER additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

24. MR. SCHLESINGER has been obligated to retain the undersigned counsel for the filing and prosecution of this action. MR. SCHLESINGER is entitled to have his reasonable attorneys' fees, costs, and expenses paid by DEFENDANT, pursuant to 42 U.S.C. § 12205.

WHEREFORE, MR. SCHLESINGER demands judgment against DEFENDANT, and requests the following injunctive and declaratory relief:

A. That this Court declare that the Property owned, leased and/or operated by DEFENDANT is in violation of the ADA;

B. That this Court enter an Order directing DEFENDANT to alter the facility to make it accessible to and useable by individuals with mobility-related disabilities to the full extent required by Title III of the ADA;

C. This Court enter an Order closing the subject Property and discontinuing all non-complying services, activities, programs and accommodations until the requisite alterations are completed;

D. That this Court enter an Order directing DEFENDANT to evaluate and neutralize their policies, practices, and procedures towards persons with mobility-related disabilities for a reasonable amount of time, allowing implementation and completion of corrective procedures;

E. That this Court award reasonable attorneys' fees, costs (including expert fees),

and other expenses of suit, to MR. SCHLESINGER; and

F.     That this Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

THE BIZER LAW FIRM
Attorneys for Plaintiff
Andrew D. Bizer, Esq. (LA # 30396)
andrew@bizerlaw.com
Garret S. DeReus, Esq. (LA # 35105)
gdereus@bizerlaw.com
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996

By: _____
Garret S. DeReus, Esq.